UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO DURAN, | No. 2:17-cv-2122 GEB AC P |
| Petitioner, | |
| v. | ORDER |
| SCOTT FRAUENHEIM, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis application or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). He will be provided the opportunity to either submit the appropriate application in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

Petitioner has also moved for a stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005). ECF No. 2. A Rhines stay is available for (1) a petition containing only unexhausted claims, or (2) a petition that is "mixed" (contains both exhausted and unexhausted claims). See Rhines, supra; see also Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). A Rhines stay preserves the federal filing date for unexhausted claims contained in the federal petition. In order to obtain a stay under Rhines, the petitioner must show that (1) good cause exists for his failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have

1

merit, and (3) petitioner has not intentionally delayed pursuing the litigation. Rhines, at 544 U.S. at 277-78.

Alternatively, a petitioner may seek to stay an exhausted-claims-only petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly). Under the Kelly procedure, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. Id. (citing Kelly, 315 F.3d at 1070-71). The procedure under Kelly is as follows: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his [federal] petition" to reincorporate the newly exhausted claims. Id. The Kelly stay-and-abeyance procedure does not require petitioner to demonstrate good cause or that the claims have merit. However, using the Kelly procedure means that any newly-exhausted claims later added to the federal petition by amendment must "relate back" to the claims in the stayed petition or otherwise satisfy applicable timeliness requirements. In other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." Id. at 1141.

In both the motion for stay and petition, petitioner states that all of the claims in the petition currently before the court have been presented to the California Supreme Court.[1] ECF No. 1 at 14; ECF No. 2 at 2. Because it appears that the current petition is fully exhausted, petitioner cannot obtain a stay under Rhines and the motion will be denied. However, the denial will be without prejudice and petitioner must decide how he would like to proceed.

Petitioner's first option is to file a motion for a stay under Kelly. Because the petition is already fully exhausted, petitioner need only request a stay to allow him to return to state court to exhaust his new claims. Once those claims have been exhausted, he will need to file a motion in this court asking to amend the petition to add in the newly exhausted claims. A stay under Kelly

---

[1] Petitioner also indicates that he has already begun pursuing his unexhausted claims in state court. ECF No. 1 at 14; ECF No. 2 at 2-3.

does not provide any protection from untimeliness for the unexhausted claims while petitioner is in state court. The timeliness of newly-exhausted claims may be considered by the court in deciding whether to permit amendment.

Petitioner's second option is to file a motion to amend the petition that includes a copy of the proposed amended petition which contains all of the claims, both exhausted and unexhausted, that petitioner intends to bring before this court. At the same time, he must file a motion for a stay under Rhines. The motion for stay must (1) provide a good reason why petitioner did not exhaust his claims in state court before filing them in this court, (2) show that the unexhausted claim or claims potentially have merit, and (3) show that he has not intentionally delayed in bringing the unexhausted claims. Rhines, 544 U.S. at 277-78. If the motions to amend and to stay are granted, then the entire petition will be stayed while petitioner returns to state court to exhaust his unexhausted claims. Once the claims have been exhausted, petitioner will notify this court and the case will proceed on the amended petition and the originally unexhausted claims will have their initial filing date preserved. The court does not guarantee that petitioner's claims will be timely even if he is granted a stay under Rhines.

Finally, petitioner may proceed on the current, fully exhausted petition without a stay. In the event petitioner chooses to proceed on an exhausted-claims-only petition without a stay, he is cautioned that any future attempt to amend the petition to add newly-exhausted claims might face challenges based on timeliness, the limitations applicable to second or successive petitions, and/or other procedural hurdles, depending on the circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an application in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in a recommendation that this action be dismissed.

2. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district.

3. Petitioner's motion for stay (ECF No. 2) is denied without prejudice.

4. Within thirty days of service of this order, petitioner must do one of the following:

        a. File a motion for a stay under <u>Kelly</u>;

        b. File a motion to amend the petition to add in the unexhausted claims with a copy of the proposed amended petition attached and file a motion for a stay under <u>Rhines</u>; or

        c. File a notice stating that he wants to proceed on the current petition without a stay.

5. If petitioner does not take any action, the case will proceed on the original petition without a stay.

IT IS SO ORDERED.

DATED: October 30, 2017

                                                    /s/ Allison Claire  
                                                    ALLISON CLAIRE  
                                                    UNITED STATES MAGISTRATE JUDGE