1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT
8                       FOR THE EASTERN DISTRICT OF CALIFORNIA
9
10    JOSE ANTONIO DURAN,                    No.  2:17-cv-02122 -DJC-AC
11                    Petitioner,
12          v.                               ORDER TO SHOW CAUSE
13    SCORTT FRAUENHEIM,
14                    Respondent.
15

16          On April 7, 2023, the Court issued an order reassigning the present action from

17    Chief Judge Kimberly J. Mueller to District Judge Daniel J. Calabretta.  (ECF No. 32.)

18    That order was served by mail on Petitioner Jose Antonio Duran.  This order was

19    returned to the court marked as undeliverable on April 17, 2023.  Pursuant to Local

20    Rule 183(b), pro se parties are required to keep the Court and opposing parties

21    advised of their current address.  Failure of a pro se party to notify the Court of their

22    new address within 63 days of mail being returned undelivered may result in the

23    dismissal of the action without prejudice for failure to prosecute.  L.R. 183(b).  The 63-

24    period to notify the Court after the April 7, 2023 order was returned undeliverable has

25    passed.

26          The Magistrate Judge has issued Findings and Recommendations which

27    recommend that this action be dismissed for failure to prosecute.  (ECF No. 33.)

28    Those Findings and Recommendations were also returned undelivered.  A review of

                                            1

1   publicly available records indicates that Petitioner may no longer be in the custody of

2   the California Department of Corrections and Rehabilitation.[1]  The release of a

3   petitioner may render a habeas petition moot where there is no longer a live

4   controversy.  *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007); *see* U.S. Const.

5   art. III. § 2.  A live controversy does not exist if, following a petitioner's release, there is

6   no longer a collateral consequence of that petitioner's conviction that may be

7   redressed by the Court.  *Id.*  Here, it appears Petitioner has been released from

8   custody but it is not apparent that there is any remaining collateral consequence of

9   Petitioner's habeas petition that may be redressed if the petition is successful.

10      Accordingly, IT IS HEREBY ORDERED that within fourteen (14) days of this

11  order, Petitioner shall show cause in writing why this action should not be dismissed

12  as moot and for failure to prosecute.  *See Abdala*, 488 F.3d at 1064; *see also* L.R.

13  183(b), 230(c).

14

15      IT IS SO ORDERED.

16  Dated:   **September 6, 2023**

    Hon. Daniel J. Calabretta
17  UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

---

27  [1] The California Department of Corrections and Rehabilitation provides an online "Inmate Locator"
    identifying the institution in which an inmate is currently held.  The Inmate Locator can be accessed at
28  https://inmatelocator.cdcr.ca.gov/.  Searches conducted based both on Petitioner's name and the
    inmate number that were provided to the Court do not produce any results.

1

2  DJC1 – duran17cv02122.osc

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28